IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| COREY ALLAN DONALDSON,<br><br>      Plaintiff,<br><br>v.<br><br>SARGENT SHAWN STOKER,<br><br>       Defendant. | **MEMORANDUM DECISION & ORDER<br>TO AMEND COMPLAINT**<br><br>Case No. 2:16-cv-784-CW<br><br>Judge Clark Waddoups |

Plaintiff, inmate Corey Allan Donaldson, proceeding *in forma pauperis*, filed this *pro se* civil rights suit pursuant to 42 U.S.C. § 1983.  (*See* Dkt. Nos. 3, 4.)  Mr. Donaldson alleges Defendant Sgt. Shawn Stoker violated his civil rights by falsifying evidence related to an auto theft that resulted in a false charge, false imprisonment, and kidnapping when Mr. Donaldson was transferred for a period of time from his imprisonment in Georgia to Davis County, Utah. (*See* Dkt. No. 4, pp. 4–7.)

The *in forma pauperis* statute requires a court to dismiss a case at any time if the court determines that the case

  (i)  is frivolous or malicious;
  (ii)  fails to state a claim on which relief may be granted; or
  (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The Court now screens Mr. Donaldson's Complaint and **ORDERS** him to file an amended complaint to cure deficiencies before further pursuing his claims.

## I.  Deficiencies in Complaint

Mr. Donaldson's Complaint alleges a state official violated his civil rights without including allegations that would overcome the official's qualified immunity (see below).

## II.    Instructions to Plaintiff

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to contain "(1) a short and plain statement of the grounds for the court's jurisdiction . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought."  Rule 8's requirements are meant to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Pro se litigants are not excused from complying with these minimal pleading demands.  "This is so because a pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).  Moreover, it is improper for the court "to assume the role of advocate for a pro se litigant."  *Id.*  Thus, the court cannot "supply additional facts, [or] construct a legal theory for plaintiff that assumes facts that have not been pleaded."  *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Mr. Donaldson should consider the following points before refiling his complaint.  First, the revised complaint must stand entirely on its own and shall not refer to, or incorporate by reference, any portion of the original complaint.  *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998) (stating amended complaint supersedes original).

Second, the complaint must clearly state what the defendant did to violate his civil rights.  *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976) (stating personal participation of each named defendant is essential allegation in civil-rights action).  The complaint must "make

clear exactly *who* is alleged to have done *what* to *whom*." *Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008).

Third, the complaint must contain enough allegations of fact "to state a claim to relief that is plausible on its face." *Robbins*, 519 F.3d at 1247 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In the qualified immunity context, "plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time." *Robbins*, 519 F.3d 1249. Qualified immunity provides broad protection, shielding "all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

In this case, the amended complaint would need to include non-conclusory factual allegations demonstrating Sgt. Stoker knowingly violated Mr. Donaldson's constitutional rights. The Complaint does not currently allege that Sgt. Stoker knew the evidence on which the auto theft charge was brought may have been false or that he acted in disregard of the false evidence.

### III.     ORDER

The Court **HEREBY ORDERS** that:

1.     Mr. Donaldson must within thirty (30) days file an amended complaint that cures the Complaint's deficiencies described above.

2.     The Clerk's Office shall mail Mr. Donaldson a copy of the Pro Se Litigant Guide with a form complaint for Plaintiff to use should he choose to file an amended complaint.

3.      If Plaintiff fails to timely cure the above deficiencies according to this Order's

instructions, the case may be dismissed without further notice.

Mr. Donaldson also has several pending motions.  The motions seek copies of the case

docket, Complaint, and local rules, (Dkt. No. 5); amendment of the Complaint to add a page

detailing the injuries Mr. Donaldson suffered due to the alleged civil rights violation, (Dkt. No.

6); an extension of time to amend his Complaint, (Dkt. No. 9); a court order regarding Mr.

Donaldson's compliance with the initial prisoner filing fee (IPFF), (Dkt. No. 10); and a court

order recognizing that Mr. Donaldson has paid the IPFF, (Dkt. No. 17).  The Court **DENIES**

each of these motions as mooted by this Order, (Dkt Nos. 5, 6, 9, 10, 17).  Mr. Donaldson has

provided no reason for needing a copy of the Complaint in this case and should copy his own

pleadings (even if by hand) before he sends them to the Court if he wishes to keep his own file.

Moreover, any issues regarding the IPFF are resolved because the Court received the required

payment on January 6, 2017.

DATED this 16th day of March, 2017.

BY THE COURT:

CLARK WADDOUPS
United States District Judge